ESCUDERO ET AL., APPELLANTS, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Partition.

No. 441.—Decided December 22, 1919.

PARTITION—CONFLICTING INTERESTS—GUARDIAN.—A partition of an estate wherein one of the heirs appears for himself and also on behalf of his minor brother, as his guardian appointed by the district court, is not recordable, for there are conflicting interests between the two heirs.

The facts are stated in the opinion.

*Mr. Luis Méndez Vaz* for the appellants.

The respondent appeared by brief.

Mr. Chief Justice Hernández delivered the opinion of the court.

Rosa Bonilla having died intestate in Carolina, her widower, Manuel Escudero, and their legitimate children, Teodulfo, Tomasa, José Manuel, Francisco and Antonio Escudero Bonilla, the last being a minor represented by a guardian appointed by the court, his brother Teodulfo, proceeded to make extrajudicially an inventory, liquidation and partition of the estate of the deceased consisting of a rural property which was divided into six parcels marked A, B, C, D, E and F and allotted to the said widower and children.

The said partition having been protocoled and a copy thereof having been issued, it was presented in the Registry of Property of San Juan, Section 1, for record in the names of the respective heirs of parcels D, E and F, and the registrar refused to record them by his decision of October 11, 1919, which reads as follows:

"Record of the foregoing instrument is refused, after examining the declaration of heirship and other evidence, as to properties D, E and F, which are the only ones sought to be recorded, because the appointment of Teodulfo Escudero Bonilla as guardian of his brother Antonio is null and void in accordance with section 230 of the Civil Code in connection with the decision of the Supreme Court reported in vol. 25, p. 372, and others therein cited, for the reason that they both have an interest in the estate, the partition, which involves also the physical division of the property, being therefore null and void for the said lack of capacity of the guardian, which defect is not cured by the approval of the court; a cautionary notice having been entered instead for the legal period."

Counsel for the interested parties took an appeal to this court from the foregoing decision.

The only legal question involved in the appeal is whether, Teodulfo Escudero having represented his minor brother Antonio in the partition as his guardian, such representation

rendered the instrument null and void by reason of the existence of conflicting interests between the guardian and the ward.

This question was considered and disposed of by this court in the case of *Estate of Alvarez v. Registrar of Property*, 16 P. R. R. 572.

We then said:

"In the partition of the estate of the deceased, Ramón Alvarez Segarra, it devolved on the widow, Quiteria López, by reason of her parental authority over her unemancipated children granted her by section 222 of the Civil Code to represent her minor children, Federico Marcelino and María Antonia; but as her interests opposed those of said minors, it became necessary to apply section 230 (which has been transcribed), by appointing a guardian *ad litem* to represent them.

"But could this guardian be a brother of theirs—that is to say, Ramón Alvarez López? We think not.

"If Quiteria López had an interest opposed to that of Federico Marcelino and María Antonia, because she, as would be natural, would seek the greatest benefit for herself, there was a similar conflicting interest on the part of Ramón Alvarez López with respect to his said brother and sister, if such opposition was not greater, because the generosity of a brother to another brother in the nature of things can never be compared with that of a mother towards her children.

"Ramón Alvarez López had an interest in the estate of his deceased father, and that interest was contrary to that of his brother and sister, Federico Marcelino and María Antonia, for which reason he could not represent the latter in the division of the property of their father.

"It is not a question of a claim for an inheritance, in which case the interests of the brothers and sister, far from being conflicting, would be uniform, but it is a question of the partition of an estate, in which it is natural for each person interested to seek to secure the greatest benefit possible, and hence the conflict of interests.

"And it cannot be alleged that section 230 of the Civil Code is limited in the appointment of a guardian *ad litem* to the minor children when the father or mother have interests opposed to theirs,

without considering the conflicting interests between the brothers, to whom said provision, consequently, does not apply.

"The legislator sought to prevent the father or mother from representing interests in conflict with their own, and it would be absurd to assume that to avoid one danger another is incurred by permitting a brother to represent his own interests and also those of his brothers.

"Nor can it be said that Ramón Alvarez López having been appointed the guardian *ad litem* of his brother and sister, Federico Marcelino and María Antonia, by a judicial authority of competent jurisdiction, his representation must be considered valid, because a deed of the partition of property is not recordable in which the person interested has two incompatible representations, according to decisions of the General Directorate of Registries of Spain of August 10, 1867, March 9, 1875, December 20, 1883, and November 19, 1898.

"Nor can it be alleged that the partition and division in question have been approved by a judicial authority, because the only purpose of requiring such approval is to give greater solemnity or authenticity to the said partition and division, and does not imply nor require an inquiry into the validity of the contents thereof by the court, and in view of the merely formal character thereof the effects of such approval cannot be placed on the same level with the decision rendered by superior or inferior courts, rendered after consideration of the truth of the facts and the findings thereon in accordance with the law, as held by the decisions of the General Directorate of Registries of June 14, 1897, and June 28, 1899."

That doctrine was impliedly followed in the case of *Díaz* v. *Registrar of Property,* 17 P. R. R. 1034, and expressly ratified by a majority of the justices of this court in the case of *Alvarez et al.* v. *Registrar of Humacao,* 25 P. R. R. 343–348, and we see no reason now to disapprove of it or to depart from it.

For the foregoing reasons the decision appealed from must be

*Affirmed.*

Justices del Toro and Hutchison concurred.
Justices Wolf and Aldrey dissented.